NICHOLAS A. TRUTANICH
United States Attorney
District of Nevada
Nevada Bar Number 13644
JAMES A. BLUM
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
James.Blum@usdoj.gov
Attorneys for the United States

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>$25,000.00 in United States Currency,<br><br>    Defendant. | 3:19-CV-099-RCJ-WGC<br><br>**Default Judgment of Forfeiture and Final Judgment of Forfeiture** |

**I. FACTS**

On October 22, 2018, at approximately 10:34 a.m. (Pacific Time), Seth (Steven) Strickland drove a 2004 Dodge Ram pickup, bearing Colorado license plates, westbound on Interstate-80 in Washoe County, Nevada. Strickland was the only occupant of the Dodge pickup.

Strickland was the registered owner of the Dodge pickup he was driving on October 22, 2018.

An officer of the Washoe County Sheriff's Office (WCSO) in Washoe County, Nevada, stopped the Dodge pickup being driven by Strickland due to following another vehicle too closely in violation of Nevada law.

///

///

After initiating a traffic stop of the Dodge pickup due to the observed traffic violation, a WCSO officer approached the Dodge pickup and requested identification from the driver. The driver identified himself as Strickland through his Colorado driver's license.

While the database check for outstanding warrants was still in progress by the WCSO officer, a certified reliable canine trained to detect the odor of illegal drugs alerted to the presence of the odor of illegal drugs coming from the Dodge pickup.

Responding to a WCSO officer's enquiry, Strickland stated that he had $25,000.00 in United States Currency in the vehicle's auxiliary fuel tank.

On October 22, 2018, at approximately 11:42 a.m., a Nevada Highway Patrol trooper assisting the WCSO officer contacted a DEA Special Agent to request DEA assistance in retrieving the currency which Strickland had informed the officers was in the Dodge pickup.

Law enforcement transported the Dodge pickup to the Washoe County maintenance yard in order to offload the remaining diesel fuel, remove the primary fuel tank, and gain access to the auxiliary fuel tank.

The search of the auxiliary fuel tank of the Dodge pickup yielded the discovery of $25,000.00 in United States Currency in a vacuum-sealed bag.

The property consisted of multiple bundles of currency bound together with rubber bands.

The $25,000.00 in U.S. currency is the entirety of the defendant currency.

After law enforcement discovered the property, Strickland responded to an enquiry by a DEA agent. Strickland stated he earned the money by providing marijuana consulting work. Strickland further stated that he packaged the currency in vacuum-sealed bags to avoid detection of the currency by a trained canine.

The property was comprised of 140 $100 bills, 8 $50 bills, 518 $20 bills, and 4 $10 bills.

///

///

2

## II. PROCEDURE

On February 21, 2019, the United States filed a verified Complaint for Forfeiture in Rem, ECF No. 1, alleging the $25,000 (defendant property):

    a. is all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished in exchange for a controlled substance or listed chemical in violation of Subchapter I of the Controlled Substances Act, 21 U.S.C. § 801, *et seq.,* and is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

    b. is all proceeds traceable to all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished in exchange for a controlled substance or listed chemical in violation of Subchapter 1 of the Controlled Substances Act, 21 U.S.C. § 801, *et seq.*, and is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

    c. is all moneys, negotiable instruments, and securities used or intended to be used to facilitate violations of Subchapter I of the Controlled Substances Act, 21 U.S.C. § 801, *et seq.*, and is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

On May 29, 2019, the Court entered an Amended Order for Summons and Warrant of Arrest in Rem for the Property and Notice, ECF No. 7, and the Clerk issued the Amended Summons and Warrant of Arrest in Rem, ECF No. 8.

Pursuant to the Amended Order, ECF No. 7, the following documents were served on the defendant property and all persons or entities who may claim an interest in the defendant property: the Complaint, ECF No. 1, the Amended Order, ECF No. 7, the Amended Summons and Warrant, ECF No. 8, and the Notice of Complaint for Forfeiture. Notice was published according to law.

Pursuant to Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (Fed. R. Civ. P. Supp. Rule) G(5), all persons interested in the defendant property were required to: (1) file a verified claim, setting forth the person's or its

interest in the property, that (a) identified the specific property claimed, (b) identified the claimant and stated the claimant's interest in the property, and (c) was signed by the claimant under penalty of perjury pursuant to 28 U.S.C. § 1746; (2) file the verified claim with the Clerk of the above-entitled Court no later than 35 days after the notice was sent or, if direct notice was not sent, no later than 60 days after the first day of publication on the official internet government forfeiture site, www.forfeiture.gov; (3) file an answer to the Complaint for Forfeiture in Rem or a motion under Rule 12 with the Clerk of the Court, Bruce R. Thompson U.S. Courthouse and Federal Building, 400 South Virginia Street, 3rd Floor, Reno, Nevada 89501, no later than 21 days after filing the verified claim; and (4) serve a copy of the verified claim and the answer at the time of each filing on James A. Blum, Assistant United States Attorney, 501 Las Vegas Boulevard South, Suite 1100, Las Vegas, Nevada 89101. Complaint, ECF No. 1; Amended Order for Summons and Warrant, ECF No. 7; Amended Summons and Warrant, ECF No. 8.

   On June 12, 2019, the United States Marshals Service served the Complaint, the Amended Order for Summons and Warrant of Arrest in Rem for the Property and Notice, the Amended Summons and Warrant of Arrest in Rem for the Property, and the Notice of Complaint for Forfeiture and Arrest by executing them on the defendant property. Notice of Filing Service of Process, ECF No. 9.

   Public notice of the forfeiture action and arrest was given to all persons and entities by publication via the official internet government forfeiture site, www.forfeiture.gov, from June 28, 2019, through July 27, 2019. Notice of Filing Proof of Publication, ECF No. 10.

   On June 26, 2019, the United States Attorney's Office served the Complaint, the Amended Order for Summons and Warrant of Arrest in Rem for the Property and Notice, the Amended Summons and Warrant of Arrest in Rem for the Property, and the Notice of Complaint for Forfeiture and Arrest on Seth Strickland by and through his counsel, Jesse Weins, Farenholtz & Weins LLC, by certified return receipt mail and regular mail. Notice of Filing Service of Process, ECF No. 11, p. 3-25.

///

On June 26, 2019, the United States Attorney's Office served the Complaint, the Amended Order for Summons and Warrant of Arrest in Rem for the Property and Notice, the Amended Summons and Warrant of Arrest in Rem for the Property, and the Notice of Complaint for Forfeiture and Arrest on Seth Strickland by certified return receipt mail and regular mail. Notice of Filing Service of Process, ECF No. 11, p. 3-20, 26-29.

On June 26, 2019, the United States Attorney's Office served the Complaint, the Amended Order for Summons and Warrant of Arrest in Rem for the Property and Notice, the Amended Summons and Warrant of Arrest in Rem for the Property, and the Notice of Complaint for Forfeiture and Arrest on Seth Steven Strickland by certified return receipt mail and regular mail. Notice of Filing Service of Process, ECF No. 11, p. 3-20, 30-33.

No person or entity has filed a claim, answer, or responsive pleading within the time permitted by 18 U.S.C. § 983(a)(4) and Fed. R. Civ. P. Supp. Rule G(4) and (5).

Seth (Steven) Strickland is not in the military service within the purview of the Servicemembers Civil Relief Act. Exhibit 1.

Seth (Steven) Strickland is neither a minor nor an incompetent person.

On January 21, 2020, the United States filed a Motion for Entry of Clerk's Default against the $25,000, Seth (Steven) Strickland, and all persons or entities who may claim an interest in the defendant property in the above-entitled action. Motion for Entry of Clerk's Default, ECF No. 12.

On January 22, 2020, the Clerk of the Court entered a Default against the $25,000, Seth (Steven) Strickland, and all persons or entities who may claim an interest in the defendant property in the above-entitled action. Entry of Clerk's Default, ECF No. 13.

**III. The Requirements for Default were met.**

    A. Legal Standard

Civil forfeiture cases have five requirements that must be fulfilled to complete a default: (1) the judgment sought does not differ in kind from, or exceed in amount, what is demanded in the pleadings pursuant to Fed. R. Civ. P. 54(c); (2) the Clerk of the Court has entered default for a sum certain pursuant to Fed. R. Civ. P. 55(b)(1); (3) publication and

5

personal service were completed pursuant to Fed. R. Civ. P. Supp. Rule G(4); (4) the complaint is legally sufficient to support a reasonable belief that the government will be able to meet its burden of proof pursuant to Fed. R. Civ. P. Supp. Rule G(2), *Alan Neuman Prods., Inc. v. Albright,* 862 F.2d 1388, 1392 (9th Cir. 1988); and (5) no person has filed a claim, or the claim(s) have been resolved under 18 U.S.C. § 983(a)(4)(A) or Fed. R. Civ. P. Supp. Rule G(5).

Civil cases that do not directly address forfeiture have seven factors that the Court must consider before entry of default: (1) the substantive merit of the plaintiff's claims; (2) the sufficiency of the complaint; (3) the amount of money at stake; (4) the possibility of prejudice to the plaintiff if relief is denied; (5) the possibility of disputes to any material facts in the case; (6) whether default resulted from excusable neglect; and (7) the public policy favoring resolution of cases on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986); *SATA GmbH & Co. KG v. USA Italco Int'l Ltd.*, No. 3:18-CV-00351-MMD-WGC, 2019 WL 4601513, at *3 (D. Nev. Sept. 20, 2019); *Covenant Care California, LLC v. Shirk*, No. 217CV00956JADVCF, 2018 WL 3429669, at *1 (D. Nev. July 16, 2018).

For purposes of a default judgment, the well-pled allegations of the complaint are taken as true. *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 918 (9th Cir. 1987). Furthermore, upon default, the defendant's liability is conclusively established and the factual allegations in the complaint, except those relating to damages, are accepted as true. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). The power to grant or deny relief upon an application for default judgment is within the discretion of the Court. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

### A. The Forfeiture Requirements for Default Were Met.

#### a. Judgment Sought

Pursuant to Fed. R. Civ. P. 54(c) and 55(b), the judgment by default does not "differ in kind from, or exceed [the] amount" of relief listed in the Complaint for forfeiture.

///

///

6

b. Default and Entry of Default

As shown above, the United States requested entry of Clerk's Default against the $25,000, Seth (Steven) Strickland, and all persons or entities who may claim an interest in the defendant property in the above-entitled action. ECF No. 12. The Clerk entered the Default as requested. ECF No. 13.

c. Notice

Pursuant to Fed. R. Civ. P. Supp. Rule G(4)(a)(iv)(C), the United States published notice via the official internet government forfeiture site, www.forfeiture.gov, for thirty consecutive days. ECF No. 10. Pursuant to Fed. R. Civ. P. Supp. Rule G(4)(b), the United States served the Complaint, the Amended Order for Summons and Warrant of Arrest in Rem for the Property and Notice, the Amended Summons and Warrant of Arrest in Rem for the Property, and the Notice of Complaint for Forfeiture and Arrest on all known potential claimants. ECF No. 11.

d. Legal Sufficiency of the Complaint

The Complaint filed in this action was verified. The Court has subject matter jurisdiction, in rem jurisdiction over the defendant property, and venue. The Complaint described the property with reasonable particularity. The Complaint states where the seizure of the defendant property occurred and its current location. The Complaint identifies the statute under which the forfeiture action is brought. The Complaint alleges sufficiently detailed facts to support a reasonable belief that the United States will be able to meet its burden of proof at trial. Fed. R. Civ. P. Supp. Rule G(2); Complaint, ECF No. 1.

e. Status of Potential Claimants

No person or entity has filed a claim and the time to file a claim has passed.

**B. The Civil Requirements for Default Were Met.**

a. The Plaintiff Would be Prejudiced Without a Judgment

The government would be prejudiced if it were to try this case rather than obtain a default judgment, since a trial would require the additional expenditure of human and financial resources. These expenses and efforts are unnecessary because the Complaint

7

established sufficient evidence of the status and forfeitability of the defendant property, and that evidence is uncontested by Seth (Steven) Strickland. *See United States v. $150,990.00 in U.S. Currency*, No. 2-12-CV-01014-JAD, 2014 WL 6065815, at *2 (D. Nev. Nov. 10, 2014), ("[T]he government would be prejudiced by having to expend additional resources litigating an action that appears to be uncontested. This factor favors default judgment.")

b. & c. The Plaintiff's Claims are Meritorious and the Complaint is Sufficient.

As shown in the statement of the case above, the government has a clear case against the defendant property and the Complaint sufficiently alleges the facts of the case.

d. The Amount of Money at Stake

The value of the property at stake was clearly established in the Complaint, ECF No. 1, and the defendant property is forfeitable pursuant to 21 U.S.C. § 881(a)(6).

> Under the fourth *Eitel* factor, the court considers the amount of money at stake in relation to the seriousness of Defendants' conduct. Plaintiff has provided evidence that the currency, a sum of $24,000, was furnished or intended to be furnished in exchange for marijuana, a serious violation of federal law.
>
> *United States v. Twenty-Four Thousand Dollars ($24,000) in U.S. Currency*, No. 02:09-CV-2319-LRH, 2010 WL 2695637, at *3 (D. Nev. July 2, 2010) (quotation marks and citation omitted).

The Complaint alleges the serious crime of exchanging or intending to exchange moneys, negotiable instruments, securities, or other things of value for a controlled substance or listed chemical in violation of Subchapter I of the Controlled Substances Act, 21 U.S.C. § 801, *et seq*. The money at stake is the tainted currency related to a completed or contemplated illegal-drugs transaction in violation of Subchapter I of the Controlled Substances Act, 21 U.S.C. § 801, *et seq.*

e. There Are No Possible Disputes of Material Fact

No issues of material fact exist and the allegations of the Complaint are established as a matter of law. The property is subject to forfeiture because law enforcement can demonstrate that the defendant property:

///

      a.  is all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished in exchange for a controlled substance or listed chemical in violation of Subchapter I of the Controlled Substances Act, 21 U.S.C. § 801, et seq., and is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

      b.  is all proceeds traceable to all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished in exchange for a controlled substance or listed chemical in violation of Subchapter I of the Controlled Substances Act, 21 U.S.C. §801, et seq., and is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

      c.  is all moneys, negotiable instruments, and securities used or intended to be used to facilitate violations of Subchapter I of the Controlled Substances Act, 21 U.S.C. § 801, et seq., and is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

      f.  <u>Default Was Not the Result of Excusable Neglect</u>

The record shows that the potential claimant was properly served with the Complaint, Order, Summons and Warrant, and the Notice and failed to file a claim and answer to the Complaint. There is no evidence of excusable neglect.

      g.  <u>Public Policy Does not Prevent Default Judgment</u>

Under Fed. R. Civ. P. 55(b), default judgments are allowed. Here, the potential claimant did not file a claim and an answer to the government's Complaint.

> While the Federal Rules do favor decisions on the merits, they also frequently permit termination of cases before the court reaches the merits. As F.R.C.P. 55 indicates, one such instance is when a party fails to defend against an action, which is exactly what [claimants] failed to do in this case. Thus, the preference to decide cases on the merits does not preclude a court from granting default judgment.
>
> *Kloepping v. Fireman's Fund*, No. C 94-2684 TEH, 1996 WL 75314, at *3 (N.D. Cal. Feb. 13, 1996).

9

Denying the government's motion would not further public policy. While cases should be decided on the merits when possible, the potential claimant has not contested the facts of the Complaint or the forfeiture of the defendant, which makes a decision on the merits impractical. Therefore, a final default judgment of forfeiture is appropriate. *See Covenant Care California*, 2018 WL 3429669, at *2.

**IV. Judgment**

Based on the foregoing this Court finds that the United States has shown its entitlement to a Default Judgment of Forfeiture as to Seth (Steven) Strickland, and all persons or entities who may claim an interest in the defendant property and Final Judgment of Forfeiture as to the $25,000.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Default Judgment of Forfeiture is entered against Seth (Steven) Strickland, and all persons or entities who may claim an interest in the defendant property in the above-entitled action.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Final Judgment of Forfeiture is entered against the $25,000.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the defendant property be, and the same is hereby forfeited to the United States of America, and no possessory rights, ownership rights, and no rights, titles, or interests in the property shall exist in any other party.

IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the seizure or arrest of the defendant property.

4/17/2020
Date: _____



CLERK OF COURT

_____
Signature of Clerk or Deputy Clerk